# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HOLLIDAY, | 1:07-cv-01626-AWI TAG HC |
| Petitioner, | ORDER TO FILE FIRST AMENDED PETITION WITHIN THIRTY DAYS |
| v. | [Doc. 1] |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, | ORDER DIRECTING CLERK OF COURT TO SEND PETITION A BLANK FORM PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On November 9, 2007, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1).

## DISCUSSION

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's

motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    B.  Failure to State a Discernable Claim

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases states, in relevant part:

> [The petition] *shall specify* all of the grounds for relief which are available to the petitioner of which he has or by the exercise of due diligence should have knowledge and shall set forth *in summary form* the facts supporting each of the grounds thus specified. It shall also state the relief requested.  The petition shall be *typewritten or legibly handwritten* and shall be signed under penalty of perjury by the petitioner.

(Emphasis added.)

The instant petition is completely unclear. The Court cannot discern Petitioner's claims from the information provided.  For example, under the section provided for listing his grounds for relief, Petitioner has written,"Analoges estimates—statistical and deadly force review board (rules/standards)." (Doc. 1, p. 4).  Under "supporting facts" for that claim, Petitioner has written, "Nature of crimes to be violated---Criminal law.  For movement reactions.  Resistance welfare sp (HUD and GAU) unemployment social security banking (SEC notes and currency stock)." (Id.). Under Ground Two, Petitioner has written, "Digitalous estimates.  Arm bar squad.  Principles and WASP (quarantine ordinances)."  (Id).

These claims are incomprehensible.  As drafted, the petition fails to identify any cognizable grounds for relief.  Therefore, the petition must be dismissed.

    C.  Failure to State a Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a cognizable federal claim.  Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

### D.  Naming the Proper Respondent.

A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).  However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.  When a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

In this case, Petitioner asserts that he is incarcerated at the Wasco State Prison, Wasco,

California. The individual in charge of that facility is P. L. Vazquez. The "Department of Corrections and Rehabilitation" is not the <u>warden</u> or individual in charge of the institution where Petitioner is confined, and thus is not the person having day-to-day control over Petitioner.

Petitioner therefore must file an amended petition, naming as Respondent the individual responsible for day-to-day control over Petitioner. <u>See</u>, <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same). Petitioner's failure to name his custodian as a respondent deprives this Court of personal jurisdiction to consider his petition. <u>Stanley</u>, 21 F.3d at 360; <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989).

Petitioner will be given an opportunity to file a first amended petition. Petitioner is advised that failure to file a petition with cognizable federal claims clearly stated within the time allotted will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be titled "First Amended Petition" and reference the instant case number.

**ORDER**

Accordingly, it is HEREBY ORDERED:

A. Within thirty (30) days of the date of service of this Order, Petitioner SHALL FILE AN AMENDED PETITION in which Petitioner fills out the form provided by the Court and properly states all grounds for relief in the form itself in a succinct and clear fashion and names the proper Respondent. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every pleading to which an amendment is permitted *must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading*. Local Rule 15-220.

B. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:  **January 14, 2008**                             /s/ **Theresa A. Goldner**
                                                                UNITED STATES MAGISTRATE JUDGE