1
2
3
4
5
6
7                      UNITED STATES DISTRICT COURT
8                        EASTERN DISTRICT OF CALIFORNIA
9
10   JOHN HOLLIDAY,                        )   1:07-cv-01626-AWI-TAG HC
                                           )
11                    Petitioner,          )   FINDINGS AND RECOMMENDATIONS TO
                                           )   DISMISS AMENDED PETITION FOR WRIT
12      v.                                 )   OF HABEAS CORPUS (Doc. 8)
                                           )
13                                         )
     DEPARTMENT OF CORRECTIONS             )
14   AND REHABILITATION,                   )
                                           )
15                    Respondent.          )
     _____)
16

17       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  This action has been referred to the United States Magistrate

19   Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

20       On November 9, 2007, Petitioner filed a petition for writ of habeas corpus in this Court.

21   (Doc. 1).  On January 15, 2008, the Court, after screening the petition, ordered Petitioner to file

22   an amended petition because the claims raised in the original petition were unintelligible.  (Doc.

23   7).  On January 28, 2008, Petitioner filed his amended petition.  (Doc. 8).  However, the amended

24   petition is also unintelligible.  Therefore, the Court will recommend that the amended petition be

25   dismissed for failure to state a federal claim.

26   A.  Failure to State a Discernable Claim.

27       Petitioner must state his claim with sufficient specificity.  See Hendricks v. Vasquez, 908

28   F.2d 490, 491-492 (9th Cir. 1990); Wacht v. Cardwell, 604 F.2d 1245, 1246-1247 (9th Cir.1979).

1

Rule 2(c) of the Rules Governing Section 2254 Cases states, in relevant part:

> [The petition] *shall specify* all of the grounds for relief which are available to the petitioner of which he has or by the exercise of due diligence should have knowledge and shall set forth *in summary form* the facts supporting each of the grounds thus specified. It shall also state the relief requested.  The petition shall be *typewritten or legibly handwritten* and shall be signed under penalty of perjury by the petitioner.

(Emphasis added.)

The original petition was unintelligible.  For example, under the section provided for listing his grounds for relief, Petitioner wrote,"Analoges estimates—statistical and deadly force review board (rules/standards)."  (Doc. 1, p. 4).  Under "supporting facts" for that claim, Petitioner wrote, "Nature of crimes to be violated---Criminal law.  For movement reactions.  Resistance welfare sp (HUD and GAU) unemployment social security banking (SEC notes and currency stock)."  (Id.).  Under Ground Two, Petitioner wrote, "Digitalous estimates.  Arm bar squad.  Principles and WASP (quarantine ordinances)."  (Id.).

The Court afforded Petitioner an opportunity to rectify the above-mentioned defects by in an amended petition.  (Doc. 7).  Unfortunately, the amended petition is as incomprehensible as the original petition.  Under Ground One of the amended petition, Petitioner asserts, "Arms Control & Preflight Diagnostics. . .for movement, reactions, solidarity and resistance.  In re Habeas Corpus.  Amount $2,000,000,000.00 credit.  2-3% of 25692 with culpability of the implimentation [sic]of credible embezzling in regards to arson and the occurrence of mortal murder.  Integrity in the application of extortion."  (Doc. 8, p. 5).

Ground Two alleges, "ARM MAR Squad & WASP (quarantine - ordinances) . . .For movement, reactions solidarity and resistance.  Petition herewith wrote must be formidable in sabotage and arson amount $500,000,000.00 MPC—$200,000,000.00 50% Adjoinment covers all the natures of negligence and liability.  I'm assured you can handle all the principals of judiciary policy."  (Id.).

Ground Three alleges, "AC-DC & A complete diagnostic Compartment or Department for statistical analysis. . . For movement, reactions solidarity and resistance.  We want employment rather than unemployment.  Bill of Tender $3,000,000.00 credit."  (Id. at p. 6).

1    Finally, Ground Four alleges, "Principles, rules and regulations. . . . For movement,

2    reactions, solidarity and resistance.  In the lime light with the powers of blue magic

3    knowledgeable of greed, corruption, and power.  Exorcize all my evils, to rise up in greed,

4    corruption and power. And espionage."  (Id.).

5    _____The amended claims are, in the Court's view, unintelligible, incomprehensible, and

6    meaningless.

7    B.  Failure to State a Federal Claim

8    The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241

9    of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner

10   unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

11   
12   The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
     entertain an application for a writ of habeas corpus in behalf of a person in
     custody pursuant to a judgment of a State court *only on the ground that he is in*
     *custody in violation of the Constitution or laws or treaties of the United States.*

13   
14   (emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United

15   States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack

16   by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475,

17   484, 93 S. Ct. 1827 (1973).

18   Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner

19   must demonstrate that the adjudication of his claim in state court

20   resulted in a decision that was contrary to, or involved an unreasonable application
     of, clearly established Federal law, as determined by the Supreme Court of the
21   United States; or resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the State court
22   proceeding.

23   28 U.S.C. § 2254(d)(1),(2).

24   In the instant amended petition, Petitioner fails to state a cognizable federal claim.

25   Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he

26   is in custody in violation of the Constitution or federal law. Petitioner does not allege that the

27   adjudication of his claims in state court "resulted in a decision that was contrary to, or involved

28   an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that

was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. The Court lacks jurisdiction to hear claims that do not allege violations of federal law that are cognizable under its habeas jurisdiction. Therefore, the Court will recommend dismissal of the amended petition.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the amended petition for writ of habeas corpus (Doc. 8) be DISMISSED for failure to state a claim upon which habeas relief may be granted.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 6, 2008**                                  **/s/ Theresa A. Goldner**
                                                    UNITED STATES MAGISTRATE JUDGE